DECISION
Plaintiff has appealed the real market value (RMV) of a 50-unit motel in Albany, Oregon, identified in the assessor's records as Account 0080354. The court issued an Order on May 20, 2010, dismissing tax years 2006-07, 2007-08, and 2008-09. That Order is incorporated in this Decision, which addresses only tax year 2009-10.
Trial in the matter was held by telephone August 31, 2010. Appearing for Plaintiff were Dattatraya Patel (Dattatraya), the owner of the property, and Jayantilal Patel, CPA. Defendant was represented by Karen Robey (Robey), a commercial appraiser working for the Linn County Assessor.
 I. STATEMENT OF FACTS
The subject property is a two-story 50-unit motel constructed on or about 1960. The motel sits on 1.33 acres of land and is located on a main thoroughfare (Pacific Blvd.) in close proximity to Interstate 5, a major highway running north/south from Canada to Mexico, as well as local area retail establishments, fast food restaurants, and the Linn County Fair and Expo Center. (Def s Report at 1, Aug 11, 2010.) *Page 2 
The property suffers from serious deferred maintenance and low revenues. One wing of the motel is closed. (Id.) Plaintiff reports expenses in excess of revenues for 2009. (Ptf s Ltr at 2, Aug 16, 2010.)
The RMV on the assessment and tax rolls for the 2009-10 tax year is $989,960. (Ptf s Compl at 2.) The property's tax roll maximum assessed value (MAV) is $1,172,942, and the assessed value (AV) is $989,690, because that value is the lower of the property's RMV and MAV. (Id.); see generally ORS 308.146.[1]
Plaintiff requests a reduction in the RMV to $725,000 based on the "As-Is Market Value Conclusion" of an MAI appraiser who valued the property for financing purposes as of July 17, 2009. The value information is contained in an "Appraisal Report Summary" (Ptf s MAI Report) that Plaintiff filed with the court May 7, 2010. The value estimate is based on projected income and includes a value after renovation as of October 15, 2009 of $825,000, based on projected net income of $97,000 after renovation. (Ptf s MAI Report at 1.)
Defendant requests that the court sustain the RMV on the rolls at $989,690 although Robey submitted a report concluding with an estimate of $1,300,000 for the land only, based on a determination that the "highest and best use is not the continuation of current operations but rather holding for future commercial development." (Def s Report at 2-3.) In estimating the value of the subject, Robey considered the sales history of the subject, including Plaintiffs May 2003 purchase for $1,265,000, seven land sales, three listings (Def s Ex C), and five motel sales (Def s Ex D). Robey estimated the value of the land at $1 million per acre, for a total land value if vacant of $1,330,000, and then subtracted $25,000 for the "cost to demolish," using information from a nearby similar motel that was razed in December 2009 for a reported cost of *Page 3 
that amount ($25,000). (Def's Report at 2.) The resulting land-only RMV is $1,305,000. (Id.) Robey established a per-unit sales value range of $18,085 to $26,000, "resulting in a probable range for Subject of $904,250 to $1,300,000. (Id. at 3.)
 II. ANALYSIS
The issue is the RMV of the subject property as of January 1, 2009, which is the assessment date for the 2009-10 tax year. See generally
ORS 308.007 (defining assessment date, assessment year, tax year) and ORS 308.210(1) (requiring the assessor to assess all taxable property annually as of January 1).
ORS 308.205 defines RMV as "the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."
The value of property is ultimately a question of fact. ChartDevelopment Corp. v. Dept. of Rev., 16 OTR 9, 11 (2001). The party seeking affirmative relief has the burden of proof and, initially, the burden of going forward with the evidence. ORS 305.427. The court looks for "arm's length sale transactions of property similar in size, quality, age and location" to the subject property in order to reach a correct RMV. Richardson v. ClackamasCounty Assessor, TC-MD No 020869D, WL 21263620 at *3 (Mar 26, 2003). Valuing a property based on sales of comparable properties is "well accepted." See Ward v. Dept. ofRevenue,293 Or 506, 511, 650 P2d 923, 926 (1982) (citations omitted). However, "[b]ecause sales are seldom comparable in every detail, adjustments must be considered which reflect differences."Id. (citations omitted).
Plaintiff did not present any sales data, adjusted or unadjusted. Plaintiff's appraisal summary report was performed for the Bank of India for financing purposes and states that the purpose was to estimate market value "of the `property' fee simple interest as-is on July 17, 2009 *Page 4 
and prospectively after proposed remodeling completion on October 15, 2009." (Ptf s MAI Report at 4.) The report does not elaborate on the appraiser's underlying thought processes, and the appraiser did not testify at trial. It appears the appraiser was asked to value the existing motel, and did not consider other factors, such as removing the building and marketing the property as a land-only site zoned for various income-producing activities. Dattatraya's income information is for the 2009 calendar year only
Dattatraya, who owns the motel, testified that he tried unsuccessfully to market his property privately to several individuals he knew in the hotel/motel business, but none were interested in purchasing his motel. Dattatraya did not elaborate on his personal marketing attempts (e.g., the offering price, what information was conveyed, etc.) Dattatraya further testified that he spoke to several real estate agents and all declined to list the property due to the downturn in the economy and its impact on motels.
By comparison, Defendant's appraiser Robey provided a clear and cogent analysis of the subject property and the relevant market-related activity. The court finds her report and her testimony thoughtful, persuasive, and superior to that presented by Plaintiff. Although Robey believes the underlying land by itself is worth more than $300,000 above the January 1, 2009, RMV for the property on the assessment and tax rolls, Defendant has asked the court to simply sustain a value on the rolls.
 III. CONCLUSION
After due consideration, the court concludes that Plaintiff has failed to establish an error in the RMV of the subject property as of January 1, 2009, and that the RMV on the rolls should be sustained. Defendant persuasively established, by a preponderance of the evidence, that the RMV was at least $989,690 on the applicable assessment date. Now, therefore, *Page 5 
IT IS DECIDED THAT Plaintiffs appeal of tax years 2006-07, 2007-08, and 2008-09 is dismissed; and
IT IS FURTHER DECIDED that Plaintiffs appeal is denied and the values on the rolls for the 2009-10 tax year are sustained.
Dated this day of October 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon October 6, 2010. The Court filed and entered this documenton October 6, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2007 edition.